UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY LEE KESSLER,

    Petitioner,

v.                                        Case No. 3:25-cv-14-MMH-PDB

STATE OF FLORIDA,

    Respondent.
_____

## ORDER

    Petitioner Kimberly Lee Kessler, an inmate of the Florida penal system, initiated this action in the United States District Court for the Northern District of Florida on December 16, 2024,[1] by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] The assigned judge transferred the action to the Middle District of Florida on January 3, 2025. See Order (Doc. 3). In the Petition, Kessler appears to challenge a 2022 state court (Nassau County, Florida) judgment of conviction for first-degree murder. See generally Petition. She raises thirty-six claims for relief. See id. at 15–41.

    A review of Kessler's state court docket shows that on December 9, 2021, a jury found Kessler guilty of first-degree murder. See State v. Kessler, No.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

2018-CF-815 (Fla. 4th Cir. Ct.).³ The trial court sentenced her to a term of life in prison. See id. Kessler pursued a direct appeal, and on October 31, 2023, the Fifth District Court of Appeal per curiam affirmed the conviction and sentence. See id. Subsequently, Kessler filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and an amended Rule 3.850 motion. See id. On December 30, 2024, the trial court granted Kessler sixty days to amend six grounds of her amended Rule 3.850 Motion. See id.

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging her conviction. See 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must present every issue raised in her federal petition to the state's highest court. Castille v. Peoples, 489 U.S. 346, 351 (1989). In Florida, exhaustion is ordinarily accomplished on direct appeal. If not, it may be accomplished by filing a motion under Florida Rule of Criminal Procedure 3.850, and an appeal from its denial. See Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979).⁴

---

³ The Court takes judicial notice of Kessler's state court docket. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy [the Rule 201(b)(2)] standard.").

⁴ In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Upon consideration of the Petition and state court docket, it appears that Kessler is attempting to bypass her state court remedies. Kessler's amended Rule 3.850 motion remains pending; therefore, the Petition is premature. Once Kessler's state proceedings conclude, she may challenge her conviction through a federal habeas petition under 28 U.S.C. § 2254. As such, the Court will dismiss this action without prejudice subject to Kessler's right to file a federal petition after she has exhausted all state court remedies.

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice** to Kessler's right to file a federal petition after she has exhausted all state court remedies.[5]

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[5] This dismissal without prejudice does not excuse Kessler from complying with the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). The one-year period of limitation is tolled during the time in which a properly-filed application for state postconviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8–9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

3.     If Kessler appeals the dismissal of the case, this Court denies a certificate of appealability.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of February, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Jax-9 2/20
c:     Kimberly Lee Kessler, #J81354

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Kessler "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.